FILED
FEB 2 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENEE OLIVER** ) <br> **302 LOUREIRO LANE** ) <br> **OXON HILL, MD 20745** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MICHAEL CHERTOFF, Secretary,** ) <br> **U.S. Department of Homeland Security,** ) <br> **Washington, D.C. 20528** ) <br> Defendant. ) <br> ) | Case: 1:08-cv-00288 <br> Assigned To : Lamberth, Royce C. <br> Assign. Date : 2/20/2008 <br> Description: Employ. Discrim. |

JURY ACTION

## COMPLAINT

Comes now Plaintiff Renee Oliver, by and through counsel, and files this complaint against Defendant Michael Chertoff, Secretary, U.S. Department of Homeland Security.

### Jurisdiction and Venue

1. This court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331 and 42 U.S. C. § 2000e et seq. (Title VII).

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) in that all or some events or omissions giving rise to Ms. Oliver's claims occurred in this judicial district and Defendant may be found in this judicial district.

### Parties

3. Plaintiff Renee Oliver (hereafter "Plaintiff" or "Ms. Oliver"), an African American female, is employed as a GS-7 Accountant Technician with the U.S. Department of Homeland Security.

4.      Defendant Michael Chertoff (hereafter "Defendant") is the Secretary for the U.S. Department of Homeland Security.

## Facts

5.      Plaintiff Renee Oliver began employment at the Department of Homeland Security, formerly the Department of Justice, in 1986 as a student intern in the Stay in School Program. Ms. Oliver worked as a clerk typist form 1987 through 1990, when she became an accountant technician. She later became a GS-7 accountant technician.

6.      In 1990, Agency managers met with the accountant technicians, all African-American women, and informed them that they needed 24 college credit hours in accounting to qualify for and compete for accountant positions. Ms. Oliver and some of the other accountant technicians responded by going back to school to obtain 36 hours in accounting. Ms. Oliver continued to work in her position through 2000.

7.      From 2000 through 2002, Ms. Oliver received four permanent reassignments – from Headquarters to Compliance in 2000, from Compliance to Travel in 2001, from Travel back to Headquarters in 2002. Ms. Oliver was initially assigned to the Headquarters Liaison Section, which was one of seven sections under the Office of Financial Management. She worked in the Headquarters Branch from 1997 through 2000. She then transferred to Accounts Payable/Compliance in 2000 after being passed over for a promotion and remained there until September 2001. In the Accounts Payable/Compliance Section, she received an excellent performance appraisal. Ed Bain, a Caucasian male, was her first line supervisor, and Bernard Rubenstein was her second line supervisor. .

8. In October 2001, Ms. Oliver was transferred to the Travel Section and remained there through March 2002. In this position, she assisted accountant Rebecca Schorr and performed the same work as Schorr. Bernard Rubenstein was her second line supervisor. Ms. Oliver was transferred once again in March 2002 to the Headquarters Liaison Section. In February 2002, Ms. Oliver met with Rubenstein to protest discriminatory treatment. Specifically, she complained that she had applied for an accountant position in the Headquarters Liaison Section but that the position was given to another accountant technician who did not meet the minimum credit hour requirements. Ms. Oliver also complained that she was being transferred back to Headquarters when she had already served in that section and the position had no promotion potential and interfered with her career progression. At this meeting, Rubenstein stated to Ms. Oliver, "you need to come to work more often." Ms. Oliver responded that the only time she was off work was when she went on maternity leave and that her performance appraisals were excellent. She believed Rubenstein's statements were discriminatory based on her race and gender because Ms. Oliver had taken maternity leave for the birth of her six children.

9. On March 22, 2002, Ms. Oliver was detailed into a section without promotional opportunities. In May 2002, Ms. Oliver filed an EEO complaint against the Agency and Rubenstein.

10. Ms. Oliver later applied for a GS-7 Accountant position in the Accounts Payable/Compliance Section, DE 010. The application indicated that there could be more than one person hired for the position. Ed Bain was the supervisor for the positions. Bain informed Ms. Oliver that Rubenstein and Judy Harrison prevented him from hiring more than one individual for the position. This occurred after her prior EEO complaint

against Rubenstein. On September 24, 2002, Ms. Oliver was not selected for an Accountant position, GS-510-7. A Caucasian female was hired for this position, GS-510-7/9/11/12/13.

11. In May 2003, Ms. Oliver applied for Vacancy Announcement Nos. MP and RP 032105 in the Travel Section. Ms. Oliver made the certificate of best qualified applicants. Rebecca Schorr was the acting supervisor for the Travel Section. Although Ms. Oliver had previously worked with Schorr in the Travel Section and performed the same work as Schorr, she was not selected for the position. In October 2003, one employee was selected for this Accountant position (GS-7/9/11), even though the position was advertised with two vacancies.

12. By 2005, the accountant technicians who had not filed EEO complaints had been promoted to accountant positions, and other Caucasian individuals had been promoted to accountant positions, but Ms. Oliver had not been promoted, despite her education, training, and experience.

13. Plaintiff has exhausted all administrative remedies and is permitted to file a claim in federal court after receipt of a Decision from the EEOC Office of Federal Operations.

### Count I

### Violation of Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e-2(a)

Plaintiff incorporates by reference paragraphs one through thirteen as if fully stated herein.

14. Title VII of the Civil Rights Act of 1964 states it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual,

or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. Title VII also prohibits retaliation/reprisal against an employee who engages in protected activity.

15. At all pertinent times, the Defendant was an employer subject to provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

16. At all pertinent times, Ms. Oliver was an employee entitled to protection under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

17. In violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e-2(a), Defendant knowingly and intentionally subjected Ms. Oliver to disparate treatment and engaged in unlawful discrimination based on race, and reprisal, as detailed above in paragraph six through thirteen. Specifically, because of her race and reprisal, the Agency discriminated against Ms. Oliver by: 1) on March 22, 2002, Ms. Oliver was detailed into a section without promotional opportunities; 2) on September 24, 2002, Ms. Oliver was not selected for an Accountant position, GS-510-7; 3) in September 2002, Ms. Oliver was not selected for an Accountant position, GS-510-7/9/11/12/13; and 4) in October 2003, Ms. Oliver was not selected for an Accountant position (GS-7/9/11).

Wherefore, Ms. Oliver prays as follows:

    A.    Issue a declaratory judgment that Defendant's practices toward Plaintiff were violative of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), et seq.;

B.  Enjoin Defendant from discriminating against employees who report discriminatory practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a);

C.  Grant Ms. Oliver compensatory damages, including back pay and front pay and all lost benefits, retroactive promotion to GS- 7/9/11/12/13 position, with annual step increases;

D.  Award payment of all fees, costs, expenses, including attorney's fees and expert fees;

E.  That the Court award Ms. Oliver such other relief as to which she may be deemed entitled.

Respectfully submitted,

David A. Branch #438764
Law Offices of David A. Branch, PC
1825 Connecticut Avenue, NW #690
Washington, D.C. 20009
(202) 785-2805

**JURY TRIAL DEMAND**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Renee Oliver | Michael Chertoff, Secretary. U.S. Department of Homeland Security |

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Offices of David A. Branch
1825 Connecticut Ave NW, Suite 690
Washington, DC 20002
(202) 785-2805

Case: 1:08-cv-00288
Assigned To : Lamberth, Royce C.
Assign. Date : 2/20/2008
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⊠ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U S Government Not a Party)
- ⊠ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

|  | G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|---|
| | ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C Section 2000e, Plaintiff brings suit against Defendant for racial discrimination. This Court has jurisdiction pursuant to 28 U.S.C. Section 1331.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23   DEMAND $ _____   Check YES only if demanded in complaint   **JURY DEMAND:** YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 2/20/08   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You must also select *one* corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.