IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RENEE OLIVER,** )<br>)<br>        **Plaintiff,** )<br>)<br>v.                                            )<br>)<br>**MICHAEL CHERTOFF, SECRETARY** )<br>**UNITED STATES DEPARTMENT OF** )<br>**HOMELAND SECURITY,** )<br>)<br>        **Defendant.** )<br>_____) | Civil Action No. 08-0288 (RCL) |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, by and through its undersigned attorneys, hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's claims are time-barred. Plaintiff failed to timely exhaust her administrative remedies with respect to all claims except her non-selection under Vacancy Announcement Number 02-19-DE010 advertised in May of 2002.

### SECOND DEFENSE

Plaintiff cannot establish a prima facie case for one of the non-selections because she was not qualified for the position at issue and was not on the referral certificate. She cannot establish a prima facie case of reprisal with respect to any of the non-selections or the reassignment.

### THIRD DEFENSE

Even if timely, Plaintiff fails to state a claim upon which relief can be granted with respect to her alleged detail into a section without promotional opportunities.

## FOURTH DEFENSE

Defendant responds to the paragraphs of the Complaint as follows:

### Jurisdiction and Venue

1. This paragraph contains Plaintiff's characterization of jurisdiction to which no response is required.

2. This paragraph contains Plaintiff's characterization of venue to which no response is required.

### Parties

3. Admitted, except with respect to the position title. Plaintiff is a GS-525-7 Accounting Technician.

4. Admitted.

### Facts

5. Denied with respect to the Agency with which Plaintiff began employment, her position titles, and the dates she held such positions. The Defendant denies that the Department of Homeland Security was formerly the Department of Justice. Plaintiff's Official Personnel Folder reveals that she began employment with the former Immigration and Naturalization Service, Department of Justice, as a part-time student aid on November 4, 1985. She became a part-time clerk-typist on October 25, 1987, and a full-time clerk typist on June 16, 1991. She became an accounting technician (typist) on February 9, 1992.

6. The allegations contained in the first two sentences date back to 1990, which are time-barred and thus no response is required. To the extent a response is required, the Defendant can neither admit nor deny these allegations due to insufficient information. The Complaint references an alleged meeting by unnamed Agency managers and unnamed accounting

technicians on an unspecified date, which allegedly occurred twelve years prior to the filing of Plaintiff's EEO complaint.  With respect to the last sentence, the Defendant denies that Ms. Oliver continued to work in her position as a GS-7 Accounting Technician only through 2000.  Her Official Personnel Folder reveals that she continued to work in her position from February 9, 1992 up to the present.

7.  Any allegations dating back to 2000 and which were not raised with the Agency in a timely manner are time-barred and irrelevant and thus no response is required.  To the extent a response is required, the Defendant denies the allegations in this paragraph.  Plaintiff remained an accounting technician with the Office of Financial Management from February 9, 1992, to the present and received only one permanent reassignment between 2000 and 2002 from one section of the Office of Financial Management to another section.  Deny that Plaintiff received an excellent appraisal or that Bernard Rubenstein ever appraised her as a second level supervisor.

8.  Deny all allegations.

9.  Deny the first sentence.  Admit that Plaintiff initiated an EEO complaint in May of 2002.

10.  Admit that Plaintiff applied for a temporary GS-7 accountant position in Accounts Payable pursuant to Vacancy Announcement No. 02-19-DEO10, and that Mr. Bain headed Accounts payable.  Admit that Plaintiff's alleged non-selection occurred after her initiation of an EEO complaint.  Deny the remainder of the allegations in paragraph 10.

11.  Admit all allegations, except the allegation that Plaintiff had performed the same work as Rebecca Schorr or that there were two vacancies.

12. The Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 12 and avers that any such allegations are time-barred, irrelevant and outside the scope of the complaint. To the extent a response is required, the Defendant denies.

13. Deny that Plaintiff has exhausted all administrative remedies.

## Count

14. This paragraph contains a summary of Title VII's provisions, to which no answer is deemed necessary.

15. Admit.

16. Admit.

17. Deny.

## Prayer for Relief

A-E. These paragraphs contain Plaintiff's request for relief to which no answer is deemed necessary but insofar as an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Defendant further avers that any award of compensatory damage would be subject to and limited under 42 USC §1981a and that relief would be subject to and limited by 42 U.S.C. §2000e-5(g)(2)(B).

Defendant specifically denies all of the allegations of the Complainant not herein before otherwise answered.

Having fully answered, Defendant respectfully requests that this action be dismissed with prejudice and that Defendant be granted its costs and other such relief as this Court deems appropriate.

August 14, 2008.                          Respectfully submitted,

                                                            /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                            /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

                                                            /s/
CHRISTIAN A. NATIELLO, D.C. BAR #473960
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-0338